## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE DUNBAR PREWITT, JR.,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>DENIS MCDONOUGH, Secretary of<br>Veterans Affairs,<br><br>　　　　*Defendant*. | Civil Action No. 21-2243 (RDM) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff George Dunbar Prewitt, Jr., proceeding pro se, brings this action against the Secretary of the Department of Veterans Affairs ("VA"), challenging the constitutionality of the VA's structure under the Appointments Clause and the statutory procedures for judicial review of veterans' benefits claims under the First and Fifth Amendments. Dkt. 1 (Compl.). He also challenges decisions made by the Court of Appeals for Veterans Claims and the U.S. Court of Appeals for the Federal Circuit when adjudicating his appeal of certain VA determinations regarding his requests for benefits. *Id.* at 6–9 (Compl. ¶¶ 13–18). The VA moves to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 8. According to the VA, a provision of the Veterans' Judicial Review Act, Pub. L. No. 100-687, div. A, 102 Stat. 4105 (1988) ("VJRA") (codified as amended in relevant part at 38 U.S.C. § 511(a)) deprives this Court of jurisdiction to hear Prewitt's claims. Dkt. 8 at 3.

The question presented is not as straightforward as the VA's four-page motion to dismiss suggests. After reviewing the relevant law, the Court concludes that it has jurisdiction over two

of Prewitt's claims—his Appointments Clause challenge and his attack on the VJRA's system of judicial review—because these claims raise facial constitutional challenges, the resolution of which does not turn on the substance of any benefits determination. They thus fall beyond § 511(a)'s scope. But the Court agrees with the VA that it lacks jurisdiction over Prewitt's remaining claim.

The Court will therefore **GRANT** in part and **DENY** in part the VA's motion to dismiss for lack of jurisdiction. The Court expresses no views on the merits of Prewitt's surviving claims.

## I. BACKGROUND

Among other services, the VA provides benefits to veterans of the U.S. Armed Forces who suffer disabilities resulting from injuries incurred while on active duty. 38 U.S.C. §§ 301(b), 1110. A complex statutory scheme governs the adjudication of requests for such benefits and the process for reviewing these adjudications. To set the stage for its discussion of the pending motion, the Court provides a simplified summary of that scheme.

For a veteran seeking benefits, the first step is generally to file a claim with the VA. *See* 38 C.F.R. § 3.155(b), (d). If the veteran disagrees with the VA's resolution of her claim, she can file a notice of disagreement with the Board of Veterans' Appeals (the "Board"). 38 U.S.C. § 7105(a), (d); *see Thornton v. United States*, 281 F. Supp. 3d 116, 118 (D.D.C. 2017). If still unsatisfied with the outcome, the veteran can then appeal the Board's decision to the Court of Appeals for Veterans Claims ("CAVC"), a non-Article III tribunal with exclusive jurisdiction to review decisions of the Board. 38 U.S.C. §§ 7251, 7252(a). CAVC decisions can then be appealed to the Court of Appeals for the Federal Circuit, *id.* § 7292(c)–(d), and judgments of the

Federal Circuit, in turn, are "subject to review by the Supreme Court upon certiorari," *id.*
§ 7292(c).

It is plain enough from the complaint that Prewitt has been on a long and from his
perspective unsatisfactory journey through the VA benefits-adjudication process, although the
specifics of this history are not all entirely clear. Wounded in the Vietnam War, Prewitt applied
for and was awarded benefits in 1970 based on a 30% disability rating. Dkt. 1 at 1–2 (Compl.
¶¶ 2–3). He contends that this award was based on an "under-evaluation" of his injuries, *id.* at 2
(Compl. ¶ 3), and that he was not provided notice of his right to appeal the award, *id.* (Compl.
¶ 4). In his view, these two errors violated the Takings and Due Process Clauses of the Fifth
Amendment, as well as the Due Process Clause's equal protection component. *Id.* at 2–3
(Compl. ¶¶ 3–4). Since that time, Prewitt has sought with some but not complete success to
attain both an increase in his disability rating and the retroactive application of any such increase.
*See id.* at 3–7 (Compl. ¶¶ 5–13). His efforts have entailed numerous appeals and have resulted in
recent decisions from both the CAVC, *Prewitt v. Wilkie*, No. 19-5262, 2020 WL 4103039 (Vet.
App. July 21, 2020), and the Federal Circuit, *Prewitt v. McDonough*, 856 Fed. App'x 280 (Fed.
Cir. 2021).

In this case, Prewitt raises three overarching claims. First, he alleges that the statutory
structures of both VA regional offices and the Board violate the Appointments Clause of Article
II, Section 2 of the Constitution. Dkt. 1 at 5 (Compl. ¶ 10). That is so, he argues, because the
decisions of regional employees and Veterans Law Judges ("VLJs") are allegedly insulated from
review within the executive branch, and VLJs can be removed only for cause. *Id.* (Compl.

¶¶ 10–11).[1]  Second, he alleges that the VJRA system of judicial review is discriminatory and unconstitutional.  *Id.* at 9–10 (Compl. ¶ 18).  As explained above, under the VJRA, claimants can appeal Board decisions to one non-Article III tribunal (the CAVC) and to one Article III court (the Federal Circuit).  38 U.S.C. §§ 7251, 7252(a), 7292(c).  By contrast, according to Prewitt, individuals seeking Social Security benefits can obtain review in "nation-wide Article III district courts and nation-wide Article III appellate courts."  Dkt. 1 at 9 (Compl. ¶ 18) (emphasis omitted).  This difference is problematic, he says, because veterans are disproportionately male and nonwhite as compared to the rest of the population.  *Id.* (Compl. ¶ 18).  The upshot from Prewitt's perspective is that a disproportionately male and nonwhite subgroup is denied equal access to the courts in violation of the First Amendment and the Fifth Amendment's Takings Clause, Due Process Clause, and the equal protection component of the Due Process Clause.  *Id.* at 9–10 (Compl. ¶ 18).  Finally, Prewitt alleges that the judicial review provisions of the VJRA are unconstitutional—at least as applied to his case—because the CAVC and the Federal Circuit declined to address the constitutional claims that he raised in the course of his appeals before those courts, instead remanding the claims to the Board.  *Id.* at 6–8 (Compl. ¶¶ 13–17).  The Court understands Prewitt's position to be that the CAVC and Federal Circuit were obligated to take up his constitutional claims on the merits, instead of sending them back to the agency.  *Id.* (Compl. ¶¶ 13–17)

The merits of Prewitt's challenges are not at issue today, because the VA moves to dismiss his complaint solely for lack of subject-matter jurisdiction.  Dkt. 8.  The VA contends that 38 U.S.C. § 511(a) strips all courts other than the CAVC and Federal Circuit of jurisdiction

---

[1] The Court observes that Prewitt's position with respect to review of the Board's decisions within the Executive Branch is at odds with that of the Supreme Court, as expressed in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970, 1984 (2021).

over cases raising "questions of law and fact necessary to a decision by the Secretary [of the VA] under a law that affects the provision of [veterans'] benefits." *Id.* at 3–4 (quoting 38 U.S.C. § 511(a)). Because § 511(a) precludes federal district courts from "review[ing] VA decisions affecting the provision of veterans' benefits," *id.* at 4, and because Prewitt's complaint "appears to challenge benefits rulings," the VA maintains, this Court lacks jurisdiction over Prewitt's claims, *id.* at 5.

## II. ANALYSIS

On a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Where, as here, the defendant alleges that the plaintiff has failed to plead facts sufficient to establish the court's jurisdiction—a "facial" challenge to subject-matter jurisdiction—the court may "dispose of" the motion "on the complaint standing alone." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). In so doing, the court must "assume the truth of all material factual allegations in the complaint," *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011), and must "grant[] [the] plaintiff the benefit of all [reasonable] inferences that can be derived from the facts alleged," *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (internal quotation marks omitted). And where, as here, the plaintiff is proceeding pro se, the court will hold his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). But, nonetheless, "as with any other plaintiff, a pro se plaintiff must meet his burden of establishing subject-matter jurisdiction." *Patel v. Ambit Grp.*, No. 18-cv-2985, 2019 WL 4472124, at *2 (D.D.C. Sept. 17, 2019) (italicization omitted).

### A.

The jurisdictional questions in this case turn on the meaning of § 511(a), which removes most claims related to veterans' benefits from the jurisdiction of the federal district courts and vests jurisdiction, instead, "within the exclusive purview" of the CAVC and the Federal Circuit. *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1016 (9th Cir. 2012) (en banc).  Section 511(a) provides as follows:

> The [VA] Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to [enumerated exceptions], the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a).  Section 511(b), then, creates a limited exception to the jurisdiction-stripping language contained in the second sentence of § 511(a) and permits limited review of the Secretary's decisions before the CAVC and the Federal Circuit.  *Id.* § 511(b); *see id.* § 7292. The federal district courts, however, are precluded from reviewing any decision made by the Secretary on a question of law or fact "necessary to" the Secretary's decision "under a law that affects the provision of benefits."  *Id.* § 511(a).

The D.C. Circuit has "interpreted section 511(a) to 'preclude[] judicial review in [district] courts of VA decisions affecting the provision of veterans' benefits."  *Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 574 (D.C. Cir. 2016) (alterations in original) (quoting *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam)).  Under this reading of the statute, the federal district courts lack jurisdiction when two conditions are satisfied:  First, there must be a decision by the Secretary.  *Id.*  Second, that decision must "affect[] the provision of veterans' benefits."  *Id.* (quoting *Price*, 228 F.3d at 421).  The second condition requires an evaluation of whether judicial review "would require the district court 'to determine first whether the VA acted properly'" in handling a claimant's request for benefits.

*Thomas v. Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005) (quoting *Price*, 228 F.3d at 422); *see also Thornton*, 281 F. Supp. 3d at 119 ("[T]he power of an Article III court to review an action of the VA turns on whether the reviewing court would have to evaluate the propriety of an individual veteran's benefits determination.").  If so, the court lacks jurisdiction.

A couple of examples help illustrate how this condition applies: In *Price v. United States*, the D.C. Circuit held that the district court lacked jurisdiction to consider a tort claim against the VA, where to state a claim under the relevant law the plaintiff had to show that "the VA acted in bad faith or with negligence in handling" the plaintiff's benefits request.  228 F.3d at 422. Because determining whether that was the case "would require the district court to determine first whether the VA acted properly in handling" that request, § 511(a) precluded judicial review of the claim.  *Id.*  In *Thomas v. Principi*, by contrast, the D.C. Circuit held that § 511(a) did not strip the district court of jurisdiction over certain tort claims a plaintiff brought against the VA, such as intentional infliction of emotional distress and medical malpractice, arising out of the VA's failure to notify him for over a decade that a VA doctor had diagnosed him with schizophrenia.  394 F.3d at 974.  The "questions of law and fact" involved in adjudicating these failure-to-inform claims were not "necessary" to any benefits determination by the Secretary.  *Id.* And, unlike in *Price*, no denial of benefits underlay the allegations in *Thomas*.  *Id.* at 974–75.

Although the D.C. Circuit has not had occasion to address what sorts of constitutional claims may be brought in district court consistent with § 511(a), the test from *Price* and *Thomas* is equally apt here.  As an initial matter, the Court notes that applying substantially the same analysis to constitutional and non-constitutional claims makes sense in light of § 511(a)'s text, which restricts jurisdiction as to "all questions of law" necessary to a decision by the Secretary affecting the provision of benefits and draws no distinction between constitutional and non-

constitutional issues.  38 U.S.C. § 511(a).  The decisions of other courts confirm as much and explain that the jurisdiction of the federal district courts in the context of constitutional litigation turns on whether the constitutional challenge "requires the district court to review 'VA decisions that relate to benefits decisions,' including 'any decisions made by the Secretary in the course of making benefits determinations.'"  *Veterans for Common Sense*, 678 F.3d at 1025 (first quoting *Beamon v. Brown*, 125 F.3d 965, 971 (6th Cir. 1997), then quoting *Broudy v. Mather*, 460 F.3d 106, 115 (D.C. Cir. 2006)).

The Court could perhaps end its discussion here and apply this test to Prewitt's claims, but a more detailed review of the governing standard is warranted given the complex history of § 511(a)'s application to constitutional challenges and the need to ensure that the Court is acting within the scope of its statutorily defined jurisdiction.  The Supreme Court first considered a closely related issue in *Johnson v. Robison*, 415 U.S. 361 (1974), which involved equal-protection and free-exercise challenges to statutory provisions that excluded conscientious objectors who completed alternative civilian service from eligibility for certain veterans' benefits.  *Id.* at 362–63.  The Court rejected the argument that the predecessor to § 511(a)—38 U.S.C. § 211(a) (1970)—stripped federal courts of jurisdiction over the claims asserted in that case.  *Id.* at 367.  In reaching this result, the Court drew a distinction between challenges involving "decisions of law or fact that arise in the *administration*" of veterans' benefits programs, for which judicial review was precluded, *id.* (emphasis added), and "constitutional challenges to veterans' benefits legislation" itself, for which it was not, *id.* at 373.  Since then, courts have characterized *Johnson* as holding that district courts can "consider . . . direct facial challenge[s] to statutes affecting veterans' benefits," *Veterans for Common Sense*, 678 F.3d at 1021, but not "attacks upon" such legislation "as applied," *Larabee ex rel. Jones v. Derwinski*,

968 F.2d 1497, 1500 (2d Cir. 1992); *see Thornton*, 281 F. Supp. 3d at 119 ("[S]ome circuits have allowed Article III courts to review certain facial constitutional challenges to the VA's general claim-review procedures . . . .").

*Johnson*, however, analyzed the pre-VJRA statutory forerunner to § 511(a), and the process for reviewing veterans' benefits claims has changed significantly since *Johnson* was decided.  Under the former § 211(a), VA decisions regarding benefits were subject to more limited review than they are currently; there was no CAVC or right of appeal to the Federal Circuit.  *See Veterans for Common Sense*, 678 F.3d at 1022–23.  The *Johnson* Court, accordingly, confronted the prospect that no Article III forum would be available to consider constitutional challenges to veterans' benefits legislation, something that the Court said "would . . . raise serious questions concerning the constitutionality of [§] 211(a)."  *Johnson*, 415 U.S. at 366.  The VJRA alleviated that concern by providing for review before the CAVC (a non-Article III court) and the Federal Circuit (an Article III court) for constitutional claims arising in the administration of veterans' benefits.  38 U.S.C. § 7261(a)(1); *id.* § 7292(c), (d)(1); *see Larabee ex rel. Jones*, 968 F.2d at 1501.  Having addressed the constitutional concern that *Johnson* identified, the VJRA also more clearly restricted judicial review outside the newly established CAVC-Federal Circuit channel.  While § 211(a) precluded district court review of "decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits," 38 U.S.C. § 211(a) (1970), § 511(a) does so for "all questions of law and fact necessary to a decision by the Secretary under a law that *affects* the provision of benefits," 38 U.S.C. § 511(a) (emphasis added); *see* H.R. Rep. 110-963, at 27 (1988) (explaining that "[t]he effect of this change is to broaden the scope of section 211").  These reforms arguably undercut *Johnson*, at least to the extent its holding rested on concerns

about the unavailability of any Article III forum for a class of constitutional claims or to the extent § 511(a) further restricted review before the federal district courts.

In the years since the VJRA was enacted, however, the line that *Johnson* drew between facial constitutional challenges to legislation that may be brought in the federal district court and as-applied challenges to benefits determinations that may not has endured.  *See, e.g.*, *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) ("To determine whether the district court correctly dismissed this case under § 511(a), we ask one question: whether the plaintiff is alleging a facial attack on the constitutionality of an act of Congress, or whether the plaintiff is challenging the VA's decision to deny him benefits.  If Zuspann makes a facial challenge to a statute, then the district court has jurisdiction to hear his case."); *Disabled Am. Veterans v. U.S. Dep't of Veterans Affs.*, 962 F.2d 136, 141 (2d Cir. 1992) ("[S]ince the Veterans neither make a claim for benefits nor challenge the denial of such a claim, but rather challenge the constitutionality of a statutory classification drawn by Congress, the district court has jurisdiction."); *Gila River Indian Cmty. v. U.S. Dep't of Veterans Affs.*, 899 F.3d 1076, 1079 (9th Cir. 2018) ("[Section] 511(a) allows the exercise of jurisdiction over certain facial constitutional challenges that require only a 'consideration of the constitutionality of the procedures in place,' rather than 'a consideration of the decisions that emanate through the course of the presentation of those claims.'" (quoting *Veterans for Common Sense*, 678 F.3d at 1034)); *Beamon*, 125 F.3d at 972–73 ("[D]istrict court jurisdiction over facial challenges to acts of Congress survived the statutory revisions that established the [CAVC]."); *Dacoron v. Brown*, 4 Vet. App. 115, 119 (1993) ("[A] claim that a statutory provision is unconstitutional may be raised in U.S. district court, even if such statute is 'a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.'" (quoting 38 U.S.C. § 511(a))).  *But cf. Hicks v. Veterans Admin.*, 961

F.2d 1367, 1369–70 (8th Cir. 1992) (stating that the VJRA "amply evince[s] Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in [an] exclusive appellate review scheme," but not addressing whether facial challenges fall within this category).

This result, moreover, is consistent with *Johnson* itself, which, despite dictum about constitutional concerns, did not ultimately rest on principles of constitutional avoidance.  415 U.S. at 367, 373.  To the contrary, *Johnson* held that "a construction of [§] 211(a) that does not extend the prohibitions of that section to actions challenging the constitutionality of laws providing veterans benefits is not only 'fairly possible' but is the most reasonable construction." *Id.* at 373.  Nor do the VJRA's textual changes to § 211(a) call into question *Johnson*'s continued vitality.  Section 511(a) covers decisions under laws that "*affect*[] the provision of benefits," 38 U.S.C. § 511(a) (emphasis added), rather than merely decisions under any law "administered by the [VA] providing benefits," as did 38 U.S.C. § 211(a) (1970), and it thus appears to address a broader array of decisions than did § 211(a).  But both provisions deprive district courts of jurisdiction only over cases implicating VA "decisions" made "under" particular laws.  *Johnson*'s statutory analysis focused on the implications of this latter language, explaining that

> [a] decision of law or fact 'under' a statute is made by the Administrator in the interpretation or application of a particular provision of the statute to a particular set of facts.  Appellee's constitutional challenge is not to any such decision of the *Administrator*, but rather to a decision of *Congress* to create a statutory class entitled to benefits that does not include . . . conscientious objectors who performed alternative civilian service.

415 U.S. at 367.  All of this remains applicable to § 511(a).  Facial challenges are still challenges to decisions of Congress, not to decisions rendered by the Secretary, and the trigger for § 511(a)'s preclusion of jurisdiction is still a "decision of the Secretary."  38 U.S.C. § 511(a).

The VJRA's legislative history further affirms this view.  The House Report repeatedly endorses *Johnson* and favorably contrasts it with decisions that extended *Johnson* to hold that courts could review a broader range of challenges to VA decisions, implying that § 511(a) was meant to displace the latter category of cases, but not *Johnson* itself.  *See, e.g.*, H.R. Rep. 110-963, *supra*, at 22 ("While the committee believes that *Johnson v. Robison* was correct in asserting judicial authority to decide whether statutes meet constitutional muster, the reasoning of that case has taken the courts further into individual decision-making than Congress heretofore intended."); *id.* at 19 (stating that in *Johnson* "[t]he Supreme Court properly decided that a decision not to provide benefits to conscientious objectors was a decision of the Congress, not of the Administrator, and the Court was free to examine the constitutionality of Congress' decisions"); *id.* ("It is arguable that section 211(a) was irrelevant to the Court's decision in [*Johnson*], but the holding that section 211(a) was inapplicable to *Robison*'s action seems clearly correct.").

Perhaps cutting the other way, in the course of describing the duty § 511(a) imposes on the Secretary to "resolve all legal and factual questions which are necessary to a decision in a case," the House Report also says that "if a veteran alleges that a statute is unconstitutional, that VA procedure deprives him or her of due process of law, or that a VA regulation is inconsistent with a later-enacted statute, the Administrator must take a position with respect to such a contention if it is necessary to a decision in a case."  *Id.* at 27.  But, even though this passage recognizes that certain constitutional challenges may be raised before the Secretary, it says nothing about further cabining the jurisdiction of the courts; the Secretary's obligation to hear constitutional challenges if "necessary to a decision in a case," *id.*, does not imply that courts may not themselves exercise jurisdiction over *facial* constitutional challenges that do not involve

review of decisions of the Secretary.  Finally, the House Report states that apart from imposing the just-mentioned duty on the Secretary and expanding the jurisdictional restriction to "decisions 'under a law affecting the provision of benefits,'" the VJRA's other alterations to § 211(a)'s text "are proposed merely to make the section easier to read, and do not have substantive effect."  *Id.*

In sum, the text and history of § 511(a), *Johnson*, and post-VJRA case law all indicate that the relevant divide for purposes of federal court jurisdiction is as follows.  Under § 511(a), courts lack jurisdiction over constitutional challenges that ask them to "determine whether the VA acted properly in handling a veteran's request for benefits" or evaluate VA "decisions that may affect such cases."  *Gila River Indian Cmty.*, 899 F.3d at 1079 (quoting *Veterans for Common Sense*, 678 F.3d at 1025).  But courts may exercise jurisdiction over facial attacks on statutory provisions, because adjudicating such claims does not require courts to inquire into or pass judgment on VA decisions regarding benefits requests.  *Id.*  This test, to come full circle, is essentially the same as the *Price* test the D.C. Circuit has employed in the non-constitutional context.  *See Thomas*, 394 F.3d at 974 ("Applying *Price* to the facts of this case, we must determine whether adjudicating [these] claims would require the district court 'to determine first whether the VA acted properly in handling' [the] benefits request." (quoting *Price*, 228 F.3d at 422)).

To police this jurisdictional line, courts assess what kind of review resolving a given claim will necessitate.  The Sixth Circuit held in *Beamon*, for instance, that it lacked jurisdiction over claims by veterans that the VA's procedures for processing their claims caused unreasonable delays in violation of the Due Process Clause.  125 F.3d at 970–71.  The court explained that in order to adjudicate the claims "the District Court would need to review

individual claims for veterans benefits, the manner in which they were processed, and the decisions rendered by the regional office of the VA and the [Board]"—all in contravention of § 511(a). *Id.*; *see also Veterans for Common Sense*, 678 F.3d at 1028–29 (same); *cf. Vietnam Veterans of Am. v. Shinseki*, 599 F.3d 654, 658, 662 (D.C. Cir. 2010) (holding that plaintiffs lacked standing where they tried to plead around § 511(a) by challenging the average time the VA takes to process claims, rather than the time the VA took in any individual case).   Similarly, in *Zuspann* the Fifth Circuit concluded that § 511(a) precluded it from hearing a veteran's claim that the VA violated the Due Process Clause by denying him adequate medical care, because although "fashion[ed] . . . in constitutional terms," the complaint was "an individualized challenge to the VA's decision to deny him benefits."  60 F.3d at 1159; *see also Larabee ex rel. Jones*, 968 F.2d at 1501 (same).  The en banc Ninth Circuit reached the opposite result in *Veterans for Common Sense*, holding that it had jurisdiction over "a challenge to the constitutionality of the VJRA" asserting that the "statutes codified by the act" did not provide for "adequate procedures when veterans file their claims for service-related disability benefits at VA Regional Offices."  678 F.3d at 1033.  Unlike the other claims just discussed, this was "a facial challenge to the constitutionality of the VJRA based . . . on the absence in the statute of certain procedures [that the plaintiffs] claim[ed] [we]re necessary to safeguard veterans' rights."  *Id.* Adjudicating it would therefore not "require [the Court] to review 'decisions' affecting the provision of benefits to any individual claimants."  *Id.* at 1034; *see id.* ("A consideration of the constitutionality of the procedures in place, which frame the system by which a veteran presents his claim to the VA, is different than a consideration of the decisions that emanate through the course of the presentation of those claims."); *see also Disabled Am. Veterans*, 962 F.2d at 141 (similar).

14

**B.**

Turning at last to the present case, the Court concludes that, construed liberally, Prewitt's complaint asserts two facial challenges over which the Court may exercise jurisdiction. The Court expresses no view, however, on the factual predicates to Prewitt's claims or their legal merit. For present purposes, the Court is concerned only with jurisdiction and therefore accepts Prewitt's allegations as true and draws all inferences in his favor.

First, the Court has jurisdiction over Prewitt's facial Appointments Clause challenge to the structure of the VA. Prewitt alleges that both the VA regional office staff and VLJs exercise "unreviewable executive power," and that, under the Supreme Court's decision in *United States v. Arthrex, Inc.*, 141 S. Ct. 1970 (2021), the exercise of such power is "incompatible with" the status of those individuals as "inferior officers," Dkt. 1 at 5 (Compl. ¶ 10). This challenge does not concern any "question[] of law or fact necessary to a decision by the Secretary under a law that affects the provision of benefits." 38 U.S.C. § 511(a). Put in the language of *Price*, to decide the merits of Prewitt's Appointments Clause claim, the Court need not "determine . . . whether the VA acted properly in handling" Prewitt's requests for benefits. 228 F.3d at 422. Instead, the Court need only decide whether the statutory provisions enacted by Congress satisfy constitutional strictures. Unlike the cases discussed above involving due process challenges to the way in which the VA handled specific cases or classes of cases, *see, e.g.*, *Beamon*, 125 F.3d at 970–71; *Veterans for Common Sense*, 678 F.3d at 1028–29; *Zuspann*, 60 F.3d at 1159; *Larabee ex rel. Jones*, 968 F.2d at 1501, the Court need not consider anything particular to Prewitt's benefits claims to resolve his Appointments Clause challenge.

The VA resists this result, quoting the D.C. Circuit's decision in *Blue Water Navy Vietnam Veterans Association* for the proposition that "review in the district courts is barred

when 'underlying the claim is an allegation that the VA unjustifiably denied [ ] a veterans' benefit.'"  Dkt. 8 at 4 (alterations in original) (quoting 830 F.3d at 574).  Here, the VA argues, the underlying basis for all of Prewitt's claims is his belief that "VA regional staff acted wrongfully in connection with his benefits applications and/or benefits rulings."  *Id.* at 5.  The VA is no doubt correct that the impetus for this lawsuit is Prewitt's desire to receive benefits. But, liberally construed, Prewitt's claim raises a facial, constitutional challenge to the manner in which VA officials and administrative judges are appointed and serve.  *See* Dkt. 10 at 9–10 ("My standing for the Appointments Clause issue is based on the harm flowing from my having to appear before VLJs whose appointments are at issue under *Arthrex* for principal officers, under 38 U.S.C. § 7101A for inferior officers, and whose removal procedure takes place pursuant to 5 U.S.C. [§] 7513(b) and 5 U.S.C. [§] 7701 (Merit Systems Protection Board), a removal procedure which is not within the control of presidential authority."); *id.* at 8 ("[T]he fact that [the Secretary's] VLJs were not appointed in conformity with the Appointments Clause voids their decisions ab initio.").  The merit (or lack of merit) of that claim does not implicate the substance of any decision made regarding Prewitt's entitlement (or lack of entitlement) to any VA benefits.

*Blue Water Navy Vietnam Veterans* is consistent with this conclusion.  The plaintiffs in that case sought "review of the validity of a VA policy that le[d] directly to the denial of certain benefits for most, if not all, of the veterans it affect[ed]."  830 F.3d at 574.  As the D.C. Circuit explained, § 511(a) "clearly bar[red]" such a challenge, because the challenge involved a decision by the Secretary on a question of law affecting the provision of veterans' benefits.  *Id.* at 573–74.  And the specific jurisdictional issue in that case—whether § 511(a) applies only to challenges to individual benefits determinations or also to challenges to VA rules of general

applicability, *id.* at 574—has no bearing on the question at issue here.  Nor did *Blue Water Navy Vietnam Veterans* purport to modify *Price* and *Thomas*'s understanding of the scope of § 511(a) preclusion.  In fact, the language on which the VA relies comes from *Price*, a decision that stands only for the proposition that federal district courts lack jurisdiction over challenges to the propriety of the VA's "action or inaction with respect to a veterans' benefits matter."  228 F.3d at 421.  Read in this light, the quote from *Blue Water Navy Vietnam Veterans* that the VA invokes is best understood merely to reiterate the principles canvassed above, not to displace or enlarge them.

The Court also has jurisdiction over Prewitt's First and Fifth Amendment challenges to the VJRA's review system—namely, that it unconstitutionally limits the opportunities for judicial review and court access of an allegedly disproportionately male and nonwhite subgroup. Dkt. 1 at 8–10 (Compl. ¶¶ 17–18).  As with Prewitt's Appointments Clause claim, resolving this challenge does not require any inquiry into whether the VA properly handled or resolved any or all of Prewitt's benefits requests.  Rather, the claim mirrors the type of broad-based classification and procedural challenges over which Article III courts (beyond the Federal Circuit) have repeatedly exercised jurisdiction.  *Veterans for Common Sense* concluded that § 511(a) posed no barrier to the court's consideration of a generic claim that the nonadversarial statutory procedures provided to veterans bringing benefits claims to regional VA offices were inconsistent with the Fifth Amendment's guarantee of due process of law.  678 F.3d at 1033–34. Similarly, *Johnson* and *Disabled American Veterans* both held that district courts could hear claims that certain classifications among groups of veterans denied the plaintiffs the equal protection of the laws.  *Johnson*, 415 U.S. at 373; *Disabled American Veterans*, 962 F.2d at 140–42.  Prewitt's challenge sounds in a similar register, and the same jurisdictional result obtains.

The VA offers no argument to the contrary, resting again on the undifferentiated contention that the federal district courts lack jurisdiction to adjudicate *any* claim that arises from the denial of veterans' benefits, even if that claim is unrelated to the merits of the VA's resolution of the veteran's request for benefits.

The Court lacks jurisdiction, however, to consider Prewitt's other overarching claim, although not because of § 511(a).  He challenges the decisions of the CAVC and Federal Circuit to remand to the Board certain constitutional claims he raised before them, rather than resolve the claims in the first instance.  Dkt. 1 at 6–9 (Compl. ¶¶ 13–17).  According to the Federal Circuit, a remand was appropriate because these constitutional questions were "inextricably intertwined" with the other aspects of his remanded benefits claims.  *Prewitt*, 856 Fed. App'x at 282–83 (internal quotation  marks omitted).[2]  Prewitt insists that remanding his claims was improper and that, by doing so, the courts violated the VJRA and "raise[d] a serious question as to the . . . constitutionality of the VJRA."  Dkt. 1 at 8 (Compl. ¶ 17).  Although he styles this contention as a constitutional attack on the VJRA's system of review, his quarrel (as far as the Court can discern) is with the way in which the CAVC and Federal Circuit resolved—or declined to resolve—the constitutional components of his benefits claims.  He does not make, as far as the Court can tell, a facial constitutional challenge.  *See Thornton*, 281 F. Supp. 3d at 119–20 (explaining that courts look to "the 'substance' of a plaintiff's claim[,] rather than the labels he assigns it" (quoting *Thomas*, 394 F.3d at 975)).

_____

[2] The Court cannot discern the precise nature of these claims from the CAVC and Federal Circuit opinions or the parties' briefs.  If the claims are duplicative of the challenges Prewitt brings in this Court over which the Court has concluded that it has jurisdiction, that may be reason to reject those claims.  The VA has not raised this issue, however, so the Court does not address it.

Prewitt is free to disagree with the way in which the CAVC and Federal Circuit decide cases, but this Court is not the proper forum for such disagreements.  *See Veterans for Common Sense*, 678 F.3d at 1033 ("[W]e lack jurisdiction . . . if review of [a] claim is entrusted to the exclusive review mechanism established by the VJRA.").  The Federal Circuit has exclusive jurisdiction to review decisions of the CAVC and "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions" necessary to such review.  38 U.S.C. § 7292(d)(1); *see id.* § 7292(a), (c); *cf. In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998) ("Because this court does not have jurisdiction over appeals from the [CAVC], a writ of mandamus would not aid its jurisdiction.").  The Federal Circuit's decisions on these issues are "final subject to review by the Supreme Court."  *Id.* § 7292(c).  So, if Prewitt seeks an order directing the Federal Circuit to decide his constitutional claims instead of remanding them, he must ask the Supreme Court.  *See Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006) ("A federal district court lacks jurisdiction to review decisions of other federal courts.").

This leaves the possibility that Prewitt is not asking this Court to review the Federal Circuit's decision but, rather, to consider the merits of the constitutional arguments that are now pending before the VA on remand.  Assuming that the constitutional issues before the CAVC and Federal Circuit were similar to those that he raises in his complaint before this Court, they involve due process, equal protection, and takings challenges to certain decisions made by VA officials in the course of processing and adjudicating Prewitt's requests for benefits.  Dkt. 1 at 2–3 (Compl. ¶¶ 3–4).  He alleges, for example, that the "under-evaluation of [his] service-connected injuries . . . constituted a Taking[s] Clause violation," *id.* at 2 (Compl. ¶ 3), and that he was denied constitutionally sufficient "notice" of his "right to appeal the 30% rating decision" that he received, *id.* (Compl. ¶ 4).  But these are prototypical examples of the kinds of

constitutional claims that § 511(a) divests this Court of jurisdiction to consider.  To decide whether the VA violated the Fifth Amendment in handling Prewitt's various requests, the Court would first have to "determine . . . whether the VA acted properly" with respect to such requests. *Thomas*, 394 F.3d at 974 (quoting *Price*, 228 F.3d at 422).  For the reasons explained above, this the Court cannot do.

Although Prewitt's reply is not entirely clear, he appears to argue that this Court can consider his constitutional claims related to the VA's handling of his benefits requests because the Secretary has not yet made a decision with respect to those claims. Dkt. 10 at 1, 6.  This argument, once again, ignores the adjudicative scheme that Congress enacted.  Section 511(a) charges the Secretary in the first instance—and not the courts—with "decid[ing] all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits . . . to veterans."  38 U.S.C. § 511(a).  Review by an Article III court is authorized only "[a]fter a decision of the" CAVC, and any such challenge must be brought in the Federal Circuit. *Id.* § 7292(a).  Prewitt's argument, if accepted, would turn this reticulated process on its head, replacing the order and limited judicial review that Congress intended with a rush to the courthouse in hopes of obtaining a judicial order before the VA can act.  That is about as far from what Congress intended as one can imagine.

Finally, Prewitt raises two additional challenges to the VJRA for the first time in his opposition brief.  First, he argues that the VJRA's scheme of administrative adjudication violates Article III of the Constitution by assigning to the CAVC, a non-Article III court, jurisdiction over constitutional claims. Dkt. 10 at 10–12.  Second, he asserts that the scheme violates the Seventh Amendment because it deprives him of his right to a jury trial. Dkt. 10 at 12–17.  It is well-settled, however, that a plaintiff "may not amend his complaint through an opposition

brief." *Sai v. Transp. Sec. Admin.*, 326 F.R.D. 31, 33 (D.D.C. 2018) (internal quotation marks omitted).  The Court has construed Prewitt's pleadings generously because he is a pro se litigant, but "even pro se litigants . . . must comply with the Federal Rules of Civil Procedure." *Medina v. California*, No. 22-cv-0341, 2022 WL 715180, at *1 (D.D.C. Mar. 9, 2022) (italicization removed).  If Prewitt wishes to add new claims to the complaint, he must move for leave to file an amended complaint in compliance with Federal Rule of Civil Procedure 15.  Today, however, the Court declines to consider Prewitt's Article III or Seventh Amendment challenges.

## CONCLUSION

The Court concludes that it has jurisdiction over Prewitt's Appointments Clause claim and his claim that the VJRA violates various provisions of the Fifth Amendment because it allows veterans appealing benefits decisions access to only one non-Article III court (the CAVC) and one Article III court (the Federal Circuit).  The Court lacks jurisdiction over Prewitt's other claims.

The Court, accordingly, **DENIES** in part and **GRANTS** in part Defendant's motion to dismiss, Dkt. 8, and hereby **DISMISSES** Plaintiff's third claim for lack of jurisdiction.

**SO ORDERED**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: September 30, 2022